EDWARD WHITE *versus* JOHN HENRY & *al.*

A minor son is not emancipated by a marriage without the consent, and contrary to the directions of his father.

A payment of wages to a minor seaman, not emancipated, and known by his employer to have been under the age of twenty-one years at the time of making the contract, furnishes no defence to an action by his father to recover the same, who had no knowledge of the hiring until after the wages were earned.

ASSUMPSIT to recover the wages of a minor son of the plaintiff for the term of three months and twenty days, commencing on Oct. 28, 1843, as a seaman on board a vessel belonging to the defendants.

The services were performed, and the defendants proved payment therefor to the son, and contended that this was a discharge from the father.

The defendants at the time of making the contract, knew that the son was under age. The plaintiff did not know of the intention of the son to go to sea, nor of his having shipped until after he had sailed. The plaintiff had always supplied his son with the means of support so long as he would stay with him. The son was married in 1842, against his father's wishes, and without his consent, and contrary to his direction, having gone secretly into the State of Connecticut for that purpose, because his father would not permit him to marry here. The plaintiff has never expressly or impliedly given his assent to the marriage, but has always been ready and willing to support his son in a manner becoming his degree and station in life. The son, however, has declined to live with his father, and has lived with his wife, having no children, when not at sea.

If the plaintiff was entitled to recover, the defendants were to be defaulted, and judgment was to be entered for the amount of the wages, at fourteen dollars per month; and if not, the plaintiff was to become nonsuit.

*Haines,* for the plaintiff, could find no authority showing that a minor son would be emancipated by a marriage, against his father's wishes, without his consent, and in a mode forbid-

den by our laws. Such marriage does not change the relation between father and son. Emancipation will not be presumed, but must be proved. *Sumner* v. *Sebec,* 3 Greenl. 223.

The father is entitled to the earnings of his minor son, where there has been no emancipation. 2 Mass. R. 115 ; 15 Mass. R. 275 ; 3 Greenl. 77 ; Reeves' Dom. Rel. 290 ; Law Reporter, vol. 7, 132.

*Mitchell,* for the defendants, said that the son was married, and lived away from his father, and in the same neighborhood, and within seven miles of the defendants. No notice was given by the plaintiff to the defendants, that he claimed the earnings of the son. The defendants had no knowledge, that the marriage was without the assent of the father, and they had a right to presume from the circumstances that the father gave his assent. The marriage is legal, although the father's consent was not given. 16 Mass. R. 159. Here the son made the contract and received the pay ; and upon the facts, the father is not entitled to receive payment a second time. 3 Pick. 201 ; 2 Metc. 13.

The opinion of the Court was drawn up by

TENNEY J. — It is a general principle well settled, that parents are under obligation to support their minor children, and that they are entitled to their earnings. When a contract between the parent and child exists, that the latter shall enjoy the fruit of his labors ; or when the parent neglects to support him, the rule will not apply. If the father, or person having the care and control of the minor, should consent to his marriage, this may be another exception to the principle, so far as his earnings are necessary for the support of his wife and children ; for the consent to the marriage may imply a consent that he should, from his earnings, have the means of discharging his new obligations.

The statute requires, that when a male, under the age of twenty-one years is to be married, the consent of the parent, guardian, or other person having the care or government of such party within the State, shall be obtained before marriage.

Rev. Stat. c. 87, § 7. We cannot believe that the violation of an express provision of law, can secure to a minor, who is guilty thereof, a privilege, which he would not otherwise possess, and constitute another exception to the general law.

If the son is not entitled to his earnings, a payment to him of their value by his employer, (without the consent of the father, express, or implied) knowing his minority, cannot deprive the father of the right to recover a just compensation for the labor, of which he has been deprived without his own fault or neglect.

The case at bar finds, that the son, whose wages are claimed in this action, refused to live with his father, who provided every thing necessary for his comfort and convenience. He went away without the knowledge, and married against the will and express direction, of his father. The father has in no way consented that he should have his earnings, but has always been ready and willing to support him in a manner becoming his degree and station in life. The defendants, knowing that he was a minor, without the knowledge or consent of his father, employed him as a seaman, and have paid him his wages in full.

To allow this defence to prevail would hold out encouragement to sons, impatient of parental control, while in their minority, to resist the reasonable authority of their fathers, and give the latter little means to secure their own legal rights beyond the exercise of physical restraint; would offer inducements to youth to enter into improvident and ill advised marriages, which maturer years would cause them to regret and deplore.

It is insisted that the defendants were authorized to suppose, that the son's marriage was by the father's consent. The father could not be deprived of that, which was his own, when no negligence was imputable to him, and the defendants by the knowledge of the son's minority, could have informed themselves of the facts before they made payment to him.

Defendants to be defaulted, and judgment to be entered at the rate of $14 a month for the time the son was employed, and interest from the date of the writ.